**Donna Jean THOMAS, Appellant,**

v.

**James B. THOMAS et al., Appellees.**

Court of Appeals of Kentucky.

July 22, 1977.

Darryl T. Owens, Louisville, for appellant.

Donald H. Smith, L. Kent Robinson, Louisville, for appellees.

Before MARTIN, C. J., and HOGGE and VANCE, JJ.

VANCE, Judge:

This is an appeal from a judgment which set aside, on the petition of an adoptive father, a judgment of adoption obtained by him. The grounds asserted were fraud and undue influence.

Appellant, Donna Thomas, wanted her husband, James, to adopt her illegitimate child. On many occasions when they were having marital difficulties, Donna would voice a complaint that James refused to adopt her daughter. James became convinced that his marital difficulties would disappear or greatly improve if he adopted the girl and he proceeded to do so. A short time after the adoption was granted, Donna moved from James's house and later sued him for divorce, custody of the child and child support. James then sought to vacate the judgment of adoption.

*Pierce v. Pierce*, Ky., 522 S.W.2d 435 (1975) is authority for the annulment of a decree of adoption at the instance of an adopting parent but clearly indicates that an adoption should not be disturbed unless an annulment is shown to be in the child's best interests. Therein it was said:

"This court will not be part or parcel of setting aside completed adoption proceedings by dissatisfied adopting parents.

. . .

\* \* \* \* \* \*

". . . it appears to be generally held that an adoption decree will not be vacated or annulled at the instance of an adoptive parent where his motives are purely selfish, or because of pecuniary interest in changing his position. Courts should not allow abrogation of an adoption if it is premised on the desire of adoptive parents to rid themselves of a bad bargain, or because of a mere change in attitude or regret. . . ."

\* \* \* \* \* \*

"To warrant a finding of undue influence in inducing the adoption of a child, it must appear that the person exercising the influence so far dominated the will of the person upon whom it was exercised as to substitute his will for that of the latter, with the result that the action brought about was not, in reality, that of the person whose act it was in form, but rather, was that of the person exercising the influence. . . ."

The court did not, and could not from the evidence, make a finding of facts from which it could be reasonably concluded that James was so dominated that he could not exercise his free will. It may be that Donna's real reason for wanting the adoption was to fasten some financial responsibility upon James but this does not constitute fraud for which an adoption may be set aside. James recognized the potential financial responsibilities but elected to accept them in the hope of improving his marital life. The failure of that hope to materialize is not a sufficient reason to undo the adoption. We conclude that appellee failed to meet the strict standards established in *Pierce* for the annulment of an adoption.

The judgment is reversed with a direction that a new judgment be entered which dismisses appellee's motion to set aside the adoption.

All concur.